IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLEY MAY,** | CIVIL ACTION NO. 17-0638 |
| Plaintiff, | |
| vs. | |
| **NATIONAL GUARDIAN LIFE INSURANCE COMPANY, PROTECTED HOME MUTUAL LIFE INSURANCE COMPANY** | |
| Defendant. | |

**MEMORANDUM OPINION**

**Conti, Chief District Judge**

**I. Introduction**

Pending before the court is a partial motion to dismiss filed by NGL National Guardian Life Insurance Company ("Defendant," "NGL"). [ECF No. 5]. NGL seeks to dismiss the claim of Plaintiff Leslie May ("Plaintiff" or "May") for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 PA. CONS. STAT. § 201-1-201.9-3 [ECF No. 5]. For the reasons set forth below, NGL's motion will be granted with prejudice.

**II. Factual and Procedural Background**

The factual background is derived from the Complaint which is accepted as true for the purposes of the Motion to Dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Around November 7, 1990, May alleges that he purchased a disability income policy from NGL. Compl. ¶ 6. The policy was never issued. Compl. Exhibit 1. On May 22, 1991, May was injured

in an automobile accident and applied for benefits under his policy with NGL. Id. ¶ 7. NGL disputed the application. Id. The parties entered into a settlement agreement titled "Agreement of Release" on March 6, 1992. Id. ¶ 9, Ex. 1. NGL made payments to May in the amount of $2,000 per month for 22 years, from 1992 until May's 65th birthday in 2014. Id. ¶ 13. May received his last payment on November 17, 2014. Id. ¶ 14. May alleges that NGL agreed to pay him $2000 monthly until he was no longer disabled and NGL breached the agreement because it refused to make any payments past May's 65th birthday. Id. ¶¶ 1-2. May asserts claims for breach of contract (Count I) and violation of the UTPCPL (Count II). Id. NGL moved for a partial dismissal of the UTPCPL claim because he failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); [ECF No. 5].

## III. Standard of Review

The Court of Appeals for the Third Circuit recently reiterated the standards and procedures that a district court must apply when deciding a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6):

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But a detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the NGL fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the May pleads factual content that allows the court to draw the reasonable inference that the NGL is liable for the misconduct alleged." Id.; see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," Twombly, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a NGL has acted unlawfully." Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a NGL's liability...stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility

2

determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] May must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679; see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Connelly v. Lane Constr. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016).

The United States Court of Appeals for the Third Circuit has instructed that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Moreover, "if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS & ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2013).

## III. Discussion

The court's analysis is limited to the Agreement of Release because May is seeking only to enforce that agreement. The UTPCPL is limited, among other things, to situations involving a purchase or lease of goods or services. Specifically, the UTPCPL states in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages. . . .

3

73 PA. CONS. STAT. § 201-9.2(a).

May cannot assert a claim under the UTPCPL because the Agreement of Release is not a good or service and he, therefore, cannot be a purchaser or lessor of goods or services as required by the UTPCPL. Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55-56 (3d Cir. 1992) ("the statute unambiguously permits only persons who have purchased or leased goods or services to sue).

In Doherty v. Allstate Indemnity Co., No. CV 15-05165, 2016 WL 5390638 (E.D. Pa. Sept. 27, 2016), the plaintiffs alleged a violation of the UTPCPL due to the defendant's "misconduct in the claims handling process." Doherty, 2016 WL 5390638 at *7. The court in that case reasoned that the UTPCPL applied to the "sale of an insurance policy" and not the insurer's conduct in handling a claim. Id. The court noted that the Pennsylvania bad faith statute, 42 PA. CONS. STAT. § 8371, was better equipped to address that kind of conduct because it allowed a separate cause of action addressing an insurer's handling of the insured's claim. Id. Similarly, in Geary v. Wells Fargo Bank, N.A., No. CV 17-2468, 2017 WL 3226001 (E.D. Pa. July 31, 2017), the plaintiffs alleged a violation of the UTPCPL due to the defendant's refusal to "complete the mortgage refinance transaction." Geary, 2017 WL 3226001 at *2. The court in Geary held that the plaintiffs were "not 'purchasers' or 'lessors' of any goods or services in this case, and they cannot maintain a claim under the UTPCPL." Id. The same result applies in this case because the Agreement of Release is not a good or service.

**V. Conclusion**

After careful review, May cannot assert a claim under the UTPCPL because there is no factual allegation to support that he a purchaser or lessor of any goods or services. May's well-pleaded allegations do not raise the expectation that discovery will change this fact and any amendment would be futile. Count II is, therefore, dismissed with prejudice.

For the reasons set forth above, NGL's Motion to Dismiss will be granted, and Count II of May's UTPCPL claim will be dismissed with prejudice. An appropriate order will be entered.

November 3, 2017                                    s\Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLEY MAY, | ) | CIVIL ACTION NO. 17-0638 |
| Plaintiff, | ) | |
| vs. | ) | |
| NATIONAL GUARDIAN LIFE INSURANCE COMPANY, PROTECTED HOME MUTUAL LIFE INSURANCE COMPANY | ) | |
| Defendants. | ) | |

# ORDER

AND NOW this 3rd day of November, 2017, upon consideration of National Guardian Life Insurance Company's partial motion to dismiss Count II [ECF No. 5], IT IS HEREBY ORDERED that for the reasons set forth in the accompanying memorandum opinion, National Guardian Life Insurance Company's motion is **GRANTED**. Count II of Lesley May's Complaint [ECF No. 1-2] is hereby dismissed with prejudice.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge